UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.: 0:15-CV-61679-BB

ROBERTO A. ARTIGAS,
SILVIA CUELLAR,
and other similarly situated individuals,

Plaintiff(s),

v.

FLORIDA GARDENS THRIFT, INC.,
a Florida Not for Profit Corporation,
BRANDON S. KLEIN, individually,
JOSE A. CARRION, individually,
and HILDA SEGAL, individually,

Defendants.
----------------------------------------------------------------------/

## JOINT MOTION FOR COURT APPROVAL OF CONFIDENTIAL SETTLEMENT AGREEMENT, GENERAL RELEASE AND COVENANT NOT TO SUE AND TO DISMISS ACTION WITH PREJUDICE

The Parties, by and through their undersigned counsel, respectfully move this Court for approval of their Confidential Settlement Agreement, General Release and Covenant Not to Sue, resolving the matter as set forth therein. In support thereof, the Parties state as follows:

### PRELIMINARY STATEMENT

Plaintiffs, Roberto A. Artigas ("Artigas") and Silvia Cuellar ("Cuellar") (collectively "Plaintiffs"), filed this action on or about August 13, 2015 alleging that the Defendants, Florida Gardens Thrift, Inc., Brandon S. Klein, Jose A. Carrion, and Hilda Segal (collectively "Defendants") violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA"). Specifically, Plaintiffs alleged that the Defendants did not pay their overtime compensation for all hours worked in excess of 40 hours in one or more workweeks.

Defendants maintain that Plaintiffs were exempt from the FLSA based upon various

exemptions under the FLSA.  However, the Defendants have agreed to enter into a settlement with Plaintiffs for the sole purpose of avoiding the cost and uncertainty of litigation.

The Parties have engaged in settlement negotiations, resulting in an accord and satisfaction embodied in the Confidential Settlement Agreement, General Release and Covenant Not to Sue the Parties signed, and which the Parties believe and agree represents a fair, reasonable, and adequate settlement of Plaintiffs' claims against the Defendants.  The Confidential Settlement Agreement, General Release and Covenant Not to Sue has been submitted to the Court simultaneously with the filing of this Motion and is marked hereto as Exhibit "A."

Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the approval of the District Court or the Secretary of Labor.  Therefore, the Parties are submitting their Confidential Settlement Agreement, General Release and Covenant Not to Sue (the "Agreement"), and request that the Court approve the terms of the Agreement in this matter.

## MEMORANDUM OF LAW

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court.  *See Lynn's Food Stores, Inc.*, 679 F.2d at 1350.  To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *Id*. at 1354.  If the settlement meets the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation.  *Id.*; *see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir.

1977).

Here, the Parties agree that the Agreement represents a fair and equitable resolution of this matter. The settlement compensates Plaintiffs for all time Plaintiffs claimed they worked, plus an equal amount to reflect liquidated damages. The settlement fully satisfies a reasonable amount of Plaintiffs' attorneys' fees and costs, and Plaintiffs have no outstanding fees owed to their counsel. The parties negotiated the settlement of this matter in good faith, and there has been no undue influence, overreaching, collusion, or intimidation in reaching the settlement. For the reasons set forth above, in addition to the fact that the Parties were represented by competent counsel having experience in FLSA claims, the Agreement is reasonable, and respectfully, this Court should approve the settlement.

WHEREFORE, the Parties respectfully request that this Court: (1) approve the Parties' Confidential Settlement Agreement, General Release and Covenant Not to Sue, resolving the matter on the terms set forth therein, and (2) dismiss the case, with prejudice, as requested above but retain jurisdiction for the limited purpose of enforcing the Parties' Confidential Settlement Agreement, General Release and Covenant Not to Sue.

Dated:  September 18, 2015

Respectfully submitted,

| | |
|---|---|
| DANZ & KRONENGOLD, P.L. | REMER & GEORGES-PIERRE, PLLC. |
| Counsel for Defendants | Counsel for Plaintiffs |
| 10620 Griffin Road, Suite 201 | 44 West Flagler Street, Suite 2200 |
| Cooper City, FL 33328 | Miami, FL 33130 |
| Telephone: (954) 530-9245 | Telephone: (305) 416-5000 |
| Facsimile: (954) 616-5738 | Facsimile: (305) 416-5005 |
| By: /s/ Alan D. Danz | By: /s/ Anaeli C. Petisco, Esq. |
|     Alan D. Danz |     Anaeli C. Petisco |
|     Florida Bar No. 948934 |     Florida Bar No. 0113376 |
|     danz@danzlaw.net |     apetisco@rgpattorneys.com |
|     Amy L. Kronengold |     Anthony M. Georges-Pierre, Esq. |
|     Florida Bar No. 899021 |     Florida Bar No. 533637 |
|     kronengold@danzlaw.net |     agp@rgpattorneys.com |

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via cm/ecf notice to Anthony M. Georges-Pierre, Esq., and Anaeli C. Petisco, Esq., at Remer & Georges-Pierre, PLLC., 44 West Flagler Street, Suite 2200, Miami, FL 33130 on this 18th day of September, 2015.