## CONFIDENTIAL
## SETTLEMENT AGREEMENT, GENERAL RELEASE AND COVENANT NOT TO SUE

This Confidential Settlement Agreement, General Release and Covenant Not to Sue ("Agreement") is made and entered into by and between Roberto A. Artigas and Silvia Cuellar (the "Plaintiffs") and Florida Gardens Thrift, Inc., Brandon S. Klein, Jose A. Carrion and Hilda Segal (the "Defendants"). The individuals executing this Agreement on behalf of each party has all requisite capacity, power and authority to execute and bind one another to this Agreement, and to perform all obligations hereunder.

### Recitals

Plaintiffs filed a Complaint in the United States District Court for the Southern District of Florida, Case Number 0:15-CV-61679-BB (the "Civil Action"), claiming that the Defendants violated the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. (the "FLSA"). The Defendants deny that they are liable to Plaintiffs under the allegations set forth in the Civil Action or any other cause of action that could arise out of Plaintiffs' employment with the Defendants.

The parties entered into good faith settlement negotiations resulting in this Agreement. The purpose of this Agreement is to settle any and all prior and existing disputes, claims and controversies between the parties without the cost and expense of litigation, and to bar any and all future disputes, claims and controversies between the parties which may arise out of any facts or events, known or unknown, that have occurred up to the execution of this Agreement.

THEREFORE, in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

1. This Agreement shall not in any way be construed as an admission by the Defendants of any unlawful or wrongful acts whatsoever. The parties hereto recognize and agree that the Defendants, as a part of this Agreement between the parties, deny any wrongdoing or any violation of

1



law or any liability to Plaintiffs as a result of or arising out of the matters set forth in the Complaint, or Plaintiffs' employment with Defendants. The parties have agreed to settle this case to avoid the uncertainties of litigation and have therefore further agreed to compromise Plaintiffs' claims. Defendants maintain that Plaintiffs were exempt from the FLSA based upon various exemptions under the FLSA.

2. In full settlement of Plaintiffs' claims, inclusive of attorneys' fees and costs, Defendants shall pay the total sum of Twenty Eight Thousand and 00/100 Dollars ($28,000.00) (the "Settlement Funds"), which shall be mailed or delivered to Anthony M. Georges-Pierre, Remer & Georges-Pierre, PLLC, 44 West Flagler Street, Suite 2200, Miami, Florida 33130. The settlement amounts are to be drafted as follows:

A. Installment One, payable within ten (10) business days after the Court approves the Agreement and dismisses with prejudice the Civil Action:
Cashiers' Check made payable to Remer & Georges-Pierre, PLLC in the amount of $4,000.02 representing fees and costs;
One Cashier's Check in the amount of $1,333.33 made payable to Silvia Cuellar, representing liquidated damages
One Payroll Check in the amount of $1,333.33, less applicable withholding taxes, made payable to Silvia Cuellar;
One Cashiers' Check in the amount of $1,333.33, made payable to Roberto Artigas, representing liquidated damages and;
One Payroll Check in the amount of $1,333.33, less applicable withholding taxes made payable to Roberto Artigas.

B. Installment Two, payable within 30 days following the payment of Installment one above:
Cashiers' Check made payable to Remer & Georges-Pierre, PLLC in the amount of $4,000.01 representing fees and costs;
One Cashier's Check in the amount of $1,333.33 made payable to Silvia Cuellar, representing liquidated damages
One Payroll Check in the amount of $1,333.33, less applicable withholding taxes, made payable to Silvia Cuellar;
One Cashiers' Check in the amount of $1,333.33, made payable to Roberto Artigas, representing liquidated damages and;
One Payroll Check in the amount of $1,333.33, less applicable withholding taxes made payable to Roberto Artigas.

C. Installment Three, payable within 30 days following the payment of Installment Two above:
Cashiers' Check made payable to Remer & Georges-Pierre, PLLC in the amount of $3,811.01 representing fees and costs;

2

>One Cashier's Check in the amount of $1,380.58 made payable to Silvia Cuellar, representing liquidated damages;
>One Payroll Check in the amount of $1,380.58, less applicable withholding taxes, made payable to Silvia Cuellar;
>One Cashiers' Check in the amount of $1,380.58 made payable to Roberto Artigas, representing liquidated damages; and
>One Payroll Check in the amount of $1,380.58, less applicable withholding taxes made payable to Roberto Artigas

In the event a payment is not timely received, Plaintiffs will provide written notice to Defendants' counsel via email and Defendant will have five (5) calendar days to cure.

3. Plaintiffs agree and understand that they will assume fully all tax obligations, if any, on said Settlement Funds and they shall be exclusively liable for the payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by either Plaintiff under any federal or state laws of any kind, with respect to the monies paid by the Defendants to Plaintiffs pursuant to the terms of this Agreement between the parties. Further, Plaintiffs agree to indemnify and hold harmless the Defendants for any and all tax liability which they incur for any portion of the Settlement Funds which are later deemed to constitute wages or other taxable income for Plaintiffs. Plaintiffs further acknowledge that neither the Defendants, nor any of their representatives or attorneys, have made any promise, representation or warranty, express or implied, regarding the tax consequences of any consideration paid to the Plaintiffs pursuant to this Agreement.

4. The parties shall file a Joint Motion for Approval of Settlement and Stipulation for Dismissal with Prejudice, seeking the Court's approval of this Agreement on or by September 18, 2015.

5. Plaintiffs, on their own behalf and for their respective heirs, legal representatives, agents, attorneys, personal representatives, successors and assigns, covenants not to sue, and expressly releases, and holds harmless the Defendants, and any and all affiliated persons or business entities, including but not limited to, any and all parent companies, sister companies, related entities,

subsidiaries, affiliates, predecessors, successors, and assigns, together with their respective current and former officers, owners, directors, shareholders, members, partners, insurance carriers, agents, attorneys, representatives, and employees, their respective heirs, and together with all persons, firms or corporations charged or chargeable with responsibility or liability (collectively "the Releasees"), from any and all actions, causes of action, suits, debts, sums of money, accounts, reckonings, contracts, agreements, promises, damages, judgments, executions, claims and demands of any nature whatsoever arising at law or in equity, which Plaintiffs may have had, may now have or may have in the future, both known and unknown, against the Releasees, from the beginning of the world to the date of the execution of this Agreement, including but not limited to, any claim arising out of Plaintiffs' respective employment by the Defendants, and specifically including actions for equitable or declaratory relief of any kind, reinstatement, back pay, severance benefits under any severance plan, damages or compensatory relief of any kind, punitive or liquidated damages of any kind, violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Family and Medical Leave Act, the Fair Labor Standards Act, ERISA, the Florida Civil Rights Act, Florida's Workers' Compensation Law, or for costs, attorneys' fees or interest available under United States or state constitution, statute, law or regulation, municipal ordinance or regulation, or common law. This Release is given in exchange for consideration that Plaintiffs were not otherwise entitled to and does not apply to any claim or cause of action arising after Plaintiffs sign this Agreement.

6. Plaintiffs understand that this Agreement and the Release contained herein are a complete waiver, release and discharge all claims of any kind which Plaintiffs may have against the Defendants, and Plaintiffs have entered into this Agreement knowingly and voluntarily. Plaintiffs acknowledge that they were each advised to consult with an attorney prior to executing this Agreement, and each has in fact done so.

7. Effective the date of this Agreement, all parties and their respective counsel agree that they will maintain in strict confidence any facts regarding the existence of and the terms and conditions of this Agreement, and shall not disclose the existence of, or the terms or conditions of, such document to any person except their spouses, accountants, or attorneys, or as required by law, pursuant to binding Court order or subpoena or tax authority demand. If questioned by anyone regarding the outcome of this matter, the parties are to state that: "the matter has been resolved," "settled," or use similar language in addressing the matter. The parties agree that notice of receipt of a judicial order or subpoena by one party shall be immediately communicated to the other telephonically and confirmed immediately thereafter in writing so that the other party will have the opportunity to assert what rights it may have in non-disclosure prior to any response to the order or subpoena.

8. Plaintiffs agree not to make any derogatory or disparaging statements to anyone regarding the Defendants or any of their members or employees. Plaintiffs further agree that they will not take any action intended, or which may reasonably be expected, directly or indirectly to impair the good will, business reputation or good name of the Defendants and any of their members or employees. Defendants shall make best efforts not, directly or indirectly through a third party, to disparage or denigrate Plaintiffs. Defendants will make best efforts not to make any statement or take any action that is intended to disparage or denigrate Plaintiffs. In the event a prospective employer requests an employment reference for Plaintiffs, Defendants agree to provide dates of employment and position held.

9. Plaintiffs agree not to assist any future claimants against Defendants in any manner, including but not limited to, testifying in support of any claims, speaking with their attorneys regarding any claims, or giving any written or verbal declarations regarding any claims, unless compelled by the court.

10. Plaintiffs promise and represent that neither of them have instituted and Plaintiffs

5

promise not to institute on their behalf any lawsuit or other proceeding against the Defendants based upon any claim that each has waived or released in Paragraph 5 above. This Agreement is not intended to limit Plaintiffs' right of access to any government agency, nor Plaintiffs' right to participate in any investigation by any government agency. However, Plaintiffs agree that, with respect to the claims that each is waiving herein, each is waiving not only their respective right to recover money or other relief in any action that either of them might institute, but also that each is waiving their respective right to recover money or other relief in any action that might be brought on their behalf by any other person or entity.

11. This Agreement shall be governed by the laws of the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of the State of Florida, and shall be subject to the exclusive jurisdiction of

the United States District Court for the Southern District of Florida, which shall retain jurisdiction to enforce this Agreement. At least ten (10) business days prior to commencing an action based on the alleged breach of this Agreement, the complaining party must give written notice to the other party via facsimile and certified mail of that party's intent to file an action. Should any party to this Agreement be required to enforce the terms of this agreement against a breaching party, upon a proven breach, the prevailing party shall be entitled to its reasonable attorney fees and costs.

12. This Agreement constitutes the entire agreement between the parties, and no other promises or agreements shall be binding unless signed by all parties. All prior representations regarding this Agreement are expressly disclaimed by all parties unless incorporated in this Agreement.

13. Plaintiffs agree that neither of them will apply for, or otherwise seek employment with, or to contract for work with, the Defendants, and that the Defendants have no obligation to employ, rehire or contract with either Plaintiff in the future.

14. Plaintiffs represent and affirm that each of them has not suffered and/or sustained any work-related accidents, injuries and/or occupational diseases while employed by the Defendants for which issues of liability have not already been fully resolved.

15. **The Plaintiffs shall have a period of 21 days from their receipt of this Agreement within which to review the Agreement and to determine whether or not to enter into it and the Release contained herein. The parties agree that any revisions to the original version of this Agreement will not re-start said 21-day period.**

16. **The Plaintiffs shall have seven (7) days from and after the date of her execution of this Agreement within which to rescind it. Rescission shall be in writing, delivered to the Defendants as set forth below. To be effective, rescission must be physically delivered on or before the end of the seventh calendar day from either of the Plaintiffs' execution of this Agreement.**

17. If any clause or provision in this Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

18. The parties affirm that this Agreement is the product of negotiation and agree that it shall not be construed for or against either party on the basis of sole authorship.

19. Any written notices required to be made hereunder shall be made to the following:

For the Defendants:
Alan D. Danz, Esq.
Danz & Kronengold, P.L.
10620 Griffin Road, Suite 201
Cooper City, FL. 33328

For Plaintiffs:
Anthony M. Georges-Pierre, Esq.
Remer & Georges-Pierre, PLLC.
Court House Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130

20. In the event that litigation becomes necessary to enforce the terms of this Agreement, the prevailing party shall be entitled to his, her, its, or their reasonable attorneys' fees and costs.

21. The parties acknowledge and agree that this Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

22. The recitals are incorporated by reference.

THE PARTIES ACKNOWLEDGE THAT EACH HAS BEEN REPRESENTED BY COUNSEL IN THE NEGOTIATION AND PREPARATION OF THIS AGREEMENT, THAT EACH HAS READ SAID DOCUMENT, THAT EACH HAS HAD A REASONABLE PERIOD OF TIME WITHIN WHICH TO CONSIDER THIS AGREEMENT AND THAT EACH IS SIGNING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY WITH THE FULL INTENT TO BE BOUND BY ALL OF ITS TERMS.

DATED this _____ day of September, 2015.

Roberto A. Artigas

Florida Gardens Thrift, Inc.
By: Hilda Segal
Title: Director

Jose A. Carrion

Silvia Cuellar

Brandon S. Klein

Hilda Segal